**Manel KANE, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–4632–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Theodore Vialet, New York, N.Y., for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Jan Elizabeth Mitchell, Assistant United States Attorney, Dori E. Richards, Special Assistant United States Attorney, Albuquerque, N.M., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Manel Kane, through counsel, petitions for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ denied Kane's asylum claim because he found Kane did not file his application within one year of entry into the United States. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Kane has challenged only purely factual determinations and the agency's exercise of discretion. The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006).

Because Kane failed to raise his withholding of removal claim in his appeal to the BIA, that claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Further, since Kane did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See id.; Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).